(No. 3713—

GENEVIEVE SAUERHAGE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

HUGH J. DOBBS, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

By the complaint, which was filed on May 1, 1942, claimant alleges, in substance, that she is the owner of the property described as Lot 14, in Block 25, The Consolidated Coal Company of St. Louis First Subdivision of lands in Sections 9 and 10, in Township 9 South, Range 2 West of the Third Principal Meridian, in Jackson County, Illinois. That in the construction of F.A. Route

144, the elevation of the land used for said highway was changed and altered and the natural surface drainage of said land was changed and the sub-surface drainage was stopped and blocked or changed and altered. That a ditch was dug along said highway and along the front of cliamant's property into which water from said highway and other land drained and accumulated without adequate draining facilities being provided in the construction of said highway. That on the night of October 16, 1941 rain water accumulated in said ditch from said highway and other land and backed up and remained in said ditch until the pressure or natural seepage thereof established a new channel underneath the surface of claimant's property, by which said channel water flowed and seeped back to and against the foundation of claimant's home located on said property to a height of three feet in the basement thereof, covering canned goods and personal property stored therein, and the house became out of plumb and line and otherwise damaged.

Claimant seeks an award for $1,075.00 for damages sustained.

The record shows that claimant did, on April 25, 1940, execute a Deed of Dedication to the People of the State of Illinois of a part of the property herein claimed to be damaged, for the purpose of a public highway, and which Deed of Dedication was recorded in the office of the Clerk and Ex-officio Recorder for Jackson County, Illinois on April 25, 1940 as document No. 16644. The land described in said Deed of Dedication and shown on the plat attached thereto is an integral part of the land described in claimant's complaint.

Where an owner conveys property for public use, the consideration received for such conveyance covers all damages for property taken and also damages for injury to adjacent property not taken, the same as an

assessment of damages for property taken through a condemnation proceeding would cover.

> Lepski v. State of Illinois, 10 C. C. R. 170;
> Lampp v. State of Illinois, 6 C. C. R. 349;
> Baker v. State of Illinois, 9 C. C. R. 115;
> Chicago, Rock Island & Pacific;
> Railway Co., v. Smith, 111 Ill. 363;
> Siekmann v. State of Illinois, 10 C. C. R. 286.

Claimant signed and delivered the Deed of Dedication and was paid the consideration given therefor. She was at that time, and is now, the owner of the adjacent property claimed to be damaged. From the record in this case the general proposition of law above stated, in our opinion, applies to this claim. Accordingly, it should be denied.

The claim is therefore denied.